WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaun Hudson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-16-00635-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner Shaun Hudson's Petition for Writ of Habeas Corpus, (Doc. 1), and United States Magistrate Judge Bridget S. Bade's Report and Recommendation ("R & R"), (Doc. 18). The R & R recommends that the Court deny the Petition, but grant a certificate of appealability. (Doc. 18 at 16.) Petitioner filed no objection to the R & R; Respondent, however, timely filed an objection solely to the magistrate judge's recommendation that a certificate of appealability be granted. (Doc. 19.) This Court need only make a de novo determination of those portions of the R & R to which an objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

A court may issue a certificate of appealability only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to [obtain a certificate of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The magistrate judge did not specify what portion, if any, of her analysis might be found to be debatable or wrong by reasonable jurists, and this Court can discern none.

Though the Court need not make a de novo review of the Petition's merits, a brief summary will illustrate why reasonable jurists would not find the magistrate judge's assessment of the constitutional claims debatable. The Petition raises only two grounds for relief. First, Petitioner alleges that his "Fifth Amendment/Sixth Amendment rights were violated" when the trial court failed to suppress statements he made after stating "I feel like I should have an attorney" during the course of a police interrogation. This is not a substantial showing of a constitutional violation; as the magistrate judge noted, the Supreme Court has held, on very similar facts, that an ambiguous statement about an attorney is not an invocation of a suspect's *Miranda* rights such that continued interrogation violates the Constitution. *See Davis v. United States*, 512 U.S. 452, 459 (1994) (holding that law enforcement officers need not "cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney").

Second, Petitioner alleges that his right to a fair trial was violated by improper "vouching" on the part of the prosecutor during closing arguments. Petitioner had argued at trial that he was coerced into confessing in violation of his *Miranda* rights. The prosecutor rebutted this contention both by summarizing *Davis*'s holding about ambiguous invocations and by pointing to the interrogation—the entire recording of which had been admitted into evidence—to show that there had been no coercion. Neither of these arguments constitutes improper vouching. As the magistrate judge noted, the typical case of improper vouching involves personal assurances of the witness's truthfulness or allusions to facts outside of the evidence that support the witness's testimony. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993). Accurate summaries of the law and of the evidence presented at trial, on the other hand, are central to the purpose of closing arguments. *See, e.g.*, *United States v. Morris*,

568 F.2d 396, 401 (5th Cir. 1978) ("The purpose of summations is for the attorneys to assist the jury in analyzing, evaluating, and applying the evidence.").

Thus the issues presented in the Petition do not raise a substantial showing of the violation of Petitioner's constitutional rights, as demonstrated more fully by the magistrate judge's thorough and well-reasoned analysis. Therefore, the Court accepts and adopts the analysis of the R & R, as well as the magistrate judge's recommendation that the Petition be denied. The Court rejects the recommendation that a certificate of appealability be issued and instead denies such certificate. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS HEREBY ORDERED** that:

1. Magistrate Judge Bade's R & R, (Doc. 18), is **ACCEPTED IN PART AND MODIFIED IN PART**.

2. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. 1), is **DENIED**.

3. The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find this assessment debatable or wrong.

Dated this 13th day of April, 2017.

_____
Honorable G. Murray Snow
United States District Judge